JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
BROOKSTONE PURCHASING, INC.

**(b)** County of Residence of First Listed Plaintiff: Hillsborough County, NH
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
See attachment

## DEFENDANTS
NAFTALI, INC.

County of Residence of First Listed Defendant: Miami-Dade County, FL
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☒ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. § 1051; 15 U.S.C. § 1114; 15 U.S.C. § 1125; 15 U.S.C. § 1117
Brief description of cause:
This is a claim for trademark infringement and unfair competition.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 10/04/2017
SIGNATURE OF ATTORNEY OF RECORD: Annalisa Gutierrez

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## ATTORNEYS FOR PLAINTIFF, BROOKSTONE PURCHASHING, INC.

Jerry D. Hamilton
Florida Bar No. 970700
jhamilton@hamiltonmillerlaw.com
Annalisa Gutierrez, Esq.
Florida Bar No.: 97940
agutierrez@hamiltonmillerlaw.com
HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200
Miami, Florida 33131-2332
Telephone: (305) 379-3686
Facsimile: (305) 379-3690

Steven M. Coyle, Esq.
(*pro hac vice* to be filed)
scoyle@cantorcolburn.com
Tasia E. Perkins, Esq.
(*pro hac vice* to be filed)
tperkins@cantorcolburn.com
CANTOR COLBURN LLP
20 Church Street, 22nd floor
Hartford, CT 06103
Phone: (860) 286-2929
Fax: (860) 286-0115

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:17cv23643

BROOKSTONE PURCHASING, INC.,

Plaintiff,

v.

NAFTALI, INC.,

Defendant.

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff Brookstone Purchasing, Inc. ("Brookstone"), by its attorneys, for its complaint against Defendant Naftali, Inc. ("Naftali"), alleges as follows:

### THE PARTIES

1. Plaintiff Brookstone Purchasing, Inc. is a corporation organized and existing under the laws of New Hampshire with its principal place of business at 1 Innovation Way, Merrimack, New Hampshire 03054.

2. Upon information and belief, Naftali, Inc. is a corporation organized and existing under the laws of Florida, with a principal place of business at 1592 NW 159th Street, Miami Gardens, Florida 33169.

### JURISDICTION AND VENUE

3. This is a claim for trademark infringement and unfair competition and arises under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and the laws of the State of Florida. This Court

has jurisdiction over the subject matter of this claim under 15 U.S.C. § 1121(a), 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Naftali in that it resides in this judicial district, transacts business in this judicial district, and/or has committed acts within this judicial district giving rise to this action.

5. Venue is proper in this judicial District under 28 U.S.C. §§ 1391(b) and (c).

## BACKGROUND FACTS

**A. Brookstone and Carry On by Brookstone**

6. Brookstone is the owner of U.S. Trademark Registration No. 4923281 for the mark CARRY ON covering "retail store and online retail store services featuring electronic portable device chargers, cases and covers for electronic portable device chargers, electronic video game devices, massagers, travel pillows, travel blankets, travel slippers, voltage converts for use when travelling, power adapters for use when traveling, and audio equipment, namely, headphones and speakers" in Class 35. A true and correct copy of the CARRY ON trademark registration is attached hereto as Exh. A.

7. Brookstone is also the owner of U.S. Trademark Registration No. 4942113 for the mark **CARRY ON** covering "retail store and online retail store services featuring electronic portable device chargers, cases and covers for electronic portable device chargers, electronic video game devices, massagers, travel pillows, travel blankets, travel slippers, voltage converters for use when traveling, power adapters for use when traveling, and audio equipment, namely, headphones and speakers" in Class 35. A true and correct copy of the 

trademark registration is attached hereto as Exh. B. Brookstone's federal registration nos. 4923281 and 4942113 are hereinafter collectively referred to as the "CARRY ON Marks."

8. Brookstone is a nationwide specialty retailer offering an assortment of consumer products that are unique, distinctive in quality and design, and not widely available from other retailers.

9. For many years Brookstone has operated retail locations in some of the world's busiest airports, including most major airports in the United States, and further including airports in Florida. These airport-based retail stores are a large percentage of Brookstone's revenue.

10. Beginning in 2014, Brookstone began development of a new concept store, known as "Carry On" or "Carry On by Brookstone" specifically for airports. The Carry On stores are a significant part of Brookstone's future growth plans, as it expects to open Carry On stores throughout the U.S.

11. Currently Brookstone's Carry On stores have been opened in the Salt Lake City, UT airport and the Detroit, MI airport. Brookstone has won a proposal to build a Carry On store in the Philadelphia Airport, and expects construction to commence soon. Brookstone presently has bids out to additional airports in other states to open additional Carry On stores, including in the Hartsfield International Airport in Atlanta, GA.

12. The Carry On or Carry On by Brookstone stores each offer for sale a diverse assortment of goods, including various electronics, apparel, and other accessories especially useful for travelling.

13. The exterior of the Carry On by Brookstone prominently displays the CARRY ON mark:



14. An estimated 11.1 million travelers, some of whom are going to or coming from Florida, pass through the Salt Lake City Airport annually (i.e., nearly 30,000 per day), many of whom are exposed to and become acquainted with Brookstone's CARRY ON mark. *See* Bureau of Transportation Statistics T-100 Market data for 2016, (the last full year for which data was located), a true and correct copy of which is attached hereto as Exh. C.

15. Similarly, an estimated 16.8 million travelers, some of whom are going to or coming from Florida, pass through the Detroit Metropolitan Airport annually (i.e., over 46,000 per day), many of whom are exposed to and become acquainted with Brookstone's CARRY ON mark. *See* Bureau of Transportation Statistics T-100 Market data for 2016, (the last full year for which data was located), a true and correct copy of which is attached hereto as Exh. D.

16. Photos of the interior of a Carry On by Brookstone store are as follows:







17. As can be seen, various items are prominently displayed in the Carry On by Brookstone store, including electronic devices suitable for travel, travel pillows, and the like, and which are visible to the multitude of airport traveler passers-by. See https://www.slcairport.com/dining-and-shopping/shopping/carry-on-by-brookstone.

18. As shown below, the CARRY ON mark is also prominently displayed within the store itself:





19. Approximately 313,000 travelers have entered and shopped at the Carry On by Brookstone location in Salt Lake City and Detroit Airports alone, thereby becoming well-acquainted with Brookstone's CARRY ON Marks.

20. Brookstone invested significant time and resources to start its new Carry On store concept, and has prepared and filed responses to requests for proposals ("RFPs") at airports across the country in order to gain approval to open additional locations.

21. The "Carry On by Brookstone" locations have been successful for Brookstone and have, as a consequence, created an association between Brookstone and the CARRY ON Marks for countless travelers. By virtue of their locations in busy airport terminals, the "Carry On by Brookstone" stores have been seen by an estimated 13 million national and international travelers since January 2016.

22. A third Carry On by Brookstone location will be launching soon at the Philadelphia International Airport and Brookstone is currently in lease discussions with property owners for the Hartsfield-Jackson Atlanta International Airport in Atlanta, GA. Brookstone also plans to open Carry On by Brookstone stores in other airports throughout the country.

**B.     Naftali, Inc. and MIAMI CARRY ON**

23. Upon information and belief, Naftali is a Florida-based mobile and travel accessory retailer founded in 2009.

24. Naftali is the owner of U.S. Trademark Registration No. 5169298 for the mark MIAMI CARRY ON for use solely in connection with "Metal locks" ("the Naftali '298 Registration"). A true and correct copy of the Naftali '298 Registration is attached hereto as Exh. E.

25. In applying for what eventually became the Naftali '298 Registration, Naftali initially sought to register MIAMI CARRY ON in connection with the following goods: metal locks, adapter plugs, ear plugs for divers, pillows, sleep masks, and socks.

26. However, citing Brookstone's CARRY ON Marks and a likelihood of confusion, the Trademark Office initially rejected Naftali's MIAMI CARRY ON registration.

27. Naftali subsequently removed adapter plugs, ear plugs for divers, pillows, sleep masks, and socks from the description of goods and services, leaving only "metal locks." On this basis, the Naftali '298 Registration was then allowed.

28. Upon information and belief, Naftali is currently selling its products bearing the MIAMI CARRY ON marks nationally, including at least through its website, https://www.naftaliinc.com/ as well as through Walmart and Amazon at https://www.walmart.com/c/brand/miami-carry-on and https://www.amazon.com/Miami-Carry-On/b/ref=w_bl_sl_ap_ap_web_8177904011?ie=UTF8&node=8177904011&field-lbr_brands_browse-bin=Miami+Carry+On respectively.

29. By way of example, Naftali is selling travel pillows online at the website https://www.naftaliinc.com/shop/5in1-travel-set/ which bear the "Miami Carry On" mark.



9

30. Upon information and belief, Naftali has recently opened stores and/or kiosks named "Miami Carry On" at both the Dadeland Mall in the Miami suburb of Kendall, FL and in the Sawgrass Point Mall in Sunrise, FL.

31. Photos of Naftali's "Miami Carry On" store in the Dadeland Mall are as follows:





32. As seen in these photos, Naftali is using the "Miami Carry On" mark in connection with the sale or offering for sale of various items, including but not limited to various travel electronics, travel pillows, and the like.

33. Naftali's use of the MIAMI CARRY ON mark, including but not limited to as a store/kiosk name, most prominently features and emphasizes the "Carry On" part of the name and is confusingly similar to the manner by which Brookstone uses its CARRY ON Marks in connection with its "Carry On by Brookstone" store – that is, to promote the marketing and sale of travel-related accessories and other items.

34. Naftali's use of the MIAMI CARRY ON mark has caused and/or is likely to cause confusion amongst consumers as to the source, origin, sponsorship, endorsement or affiliation of the goods sold under the CARRY ON Marks.

35. Brookstone has been irreparably harmed by Naftali's infringement to an extent not yet determined, and will continue to be irreparably harmed in the future unless Naftali is enjoined from its activities by this Court.

36. Naftali's actions as alleged herein have been undertaken willfully and in bad faith.

37. On June 9, 2017, Brookstone sent Naftali a letter requesting that it immediately cease and desist from infringing the CARRY ON Marks. A true and accurate copy of the June 9, 2017 letter is attached hereto as Exh. F.

38. Naftali has failed and refused to comply with Brookstone's request.

**COUNT I**
**TRADEMARK INFRINGEMENT**
**(15 U.S.C. § 1114 *et seq.*)**

39. Brookstone repeats and realleges Paragraphs 1-38 as though fully set forth herein.

40. This is a claim for federal trademark infringement under the Lanham Act, 15 U.S.C. § 1114.

41.     Brookstone is the owner of U.S. Trademark Registration Nos. 4923281 and 4942113 for the word mark CARRY ON and the design mark **CARRY ON**.

42.     Naftali has infringed Brookstone's federally-registered CARRY ON Marks by selling and/or offering for sale its goods and services under the confusingly similar mark MIAMI CARRY ON, in commerce in association with products and services that are the same as and/or substantially similar to Brookstone's goods and services offered under the CARRY ON Marks, by creating a likelihood of confusion and mistake among customers and the public, and by deceiving them.

43.     Naftali's unauthorized use of the MIAMI CARRY ON mark in connection with the sale, offering for sale, distribution, and advertising of Naftali's mobile and travel accessories are intended to and do trade upon the goodwill and substantial recognition associated with Brookstone's CARRY ON Marks used on or in connection with its Carry on by Brookstone Stores and related travel products.

44.     Naftali's unauthorized use of Brookstone's CARRY ON Marks in association with Naftali's products and services is intended to cause confusion, mistake or deception.

45.     Upon information and belief, at the time of committing certain acts alleged herein, Naftali had actual knowledge of Brookstone's ownership and prior use of its CARRY ON Marks.

46.     By virtue of these acts, Naftali has further created a likelihood of injury to Brookstone's business, caused a strong likelihood of customer confusion as to the source and/or sponsorship of Naftali's products and services, and has otherwise competed unfairly with Brookstone.

47. By these acts, Naftali has willfully infringed Brookstone's federally-registered CARRY ON Marks in violation of 15 U.S.C. § 1114.

48. Naftali's aforesaid acts of infringement have injured and violated the rights of Brookstone in an amount to be determined at trial. Naftali's acts complained of herein have caused damage to Brookstone and have irreparably injured the public recognition and goodwill associated with Brookstone's CARRY ON Marks.

49. Further, by these acts, Naftali has irreparably injured Plaintiff and such injury will continue unless enjoined by this Court.

## COUNT II
## TRADEMARK INFRINGEMENT
### (Common Law)

50. Brookstone repeats and realleges Paragraphs 1-49 as though fully set forth herein.

51. This is an action for common law trademark infringement arising under common law of the state of Florida.

52. By virtue of the aforesaid acts, Naftali has attempted to and has created confusion as to the source of its products and services.

53. Such acts have the natural and probable tendency to deceive the public so as to essentially pass off Naftali's products and services as those of Brookstone's products and services.

54. As a result of Naftali's aforesaid acts, ordinary buyers making purchases under ordinary conditions have and will be confused and deceived.

55. As a result of Naftali's aforesaid acts, Brookstone has suffered and will continue to suffer damages in an amount to be determined at trial.

56. Further, by its actions, Naftali has irreparably injured Brookstone, and such irreparable injury will continue unless this Court enjoins Naftali.

### COUNT III
### UNFAIR COMPETITION
### (15 U.S.C. § 1125 *et seq.*)

57. Brookstone repeats and realleges Paragraphs 1-56 as though fully set forth herein.

58. This is a claim for unfair competition and false designation of origin under the Lanham Act, 15 U.S.C. § 1125(a).

59. In violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), Naftali has created and will continue to create a false designation of origin by selling and using in commerce, without permission of, or license from Brookstone, the MIAMI CARRY ON mark in connection with its stores and travel accessories which will confuse and/or likely confuse potential customers into believing that Naftali's products and services are associated with, sponsored by, or approved by Brookstone.

60. Upon information and belief, at the time of committing certain acts alleged herein, Naftali had actual knowledge of Brookstone's ownership and prior use of its CARRY ON Marks.

61. Naftali's aforesaid unauthorized acts have been willful and have injured and violated the rights of Brookstone in an amount to be determined at trial.

62. Further, by its actions, Naftali has irreparably injured Brookstone, and such irreparable injury will continue unless this Court enjoins Naftali.

### PRAYER FOR RELIEF

WHEREFORE, Brookstone respectfully asks this Court to enter judgment against Naftali and against its respective subsidiaries, successors, parents, affiliates, officers, directors, agents,

servants and employees, and all persons in active concert or participation with Naftali, granting the following relief:

    A.    The entry of judgment in favor of Brookstone and against Naftali;

    B.    An injunction prohibiting further infringement of the CARRY ON Marks;

    C.    An award of damages against Naftali for damages arising from the infringement of the CARRY ON Marks, adequate to compensate Brookstone for Naftali's infringement of the CARRY ON Marks as provided in 15 U.S.C. § 1117(a);

    D.    Award Brookstone treble damages and its attorney's fees as provided in 15 U.S.C. § 1117(a); and

    E.    Such other relief to which Brookstone is entitled under law, and any other and further relief that this Court or a jury may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all issues so triable.

Dated: October 4, 2017

Respectfully submitted,

By: /s/ Jerry D. Hamilton
Jerry D. Hamilton
Florida Bar No. 970700
jhamilton@hamiltonmillerlaw.com
Annalisa Gutierrez, Esq.
Florida Bar No.: 97940
agutierrez@hamiltonmillerlaw.com
HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200
Miami, Florida 33131-2332
Telephone: (305) 379-3686
Facsimile: (305) 379-3690

Steven M. Coyle, Esq.
(*pro hac vice* to be filed)
scoyle@cantorcolburn.com

                                                              Case No.: 1:17cv23643

        Tasia E. Perkins, Esq.
        (*pro hac vice* to be filed)
        tperkins@cantorcolburn.com
        CANTOR COLBURN LLP
        20 Church Street, 22nd floor
        Hartford, CT 06103
        Phone: (860) 286-2929
        Fax: (860) 286-0115

        *Attorneys for Plaintiff*
        *Brookstone Purchasing, Inc.*